IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE DUSTIN,

    Plaintiff,                            CV F 05 0768 LJO WMW PC

    vs.                                   ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT

GEORGE GALAZA, et al.,

    Defendants.

    Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at High Desert State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Corcoran State Prison.

    To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the

1  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
2  privileges or immunities secured by the Constitution or laws of the United States.  Paratt
3  v.Taylor, 451 U.S. 527, 535 (1981).

4      The statute plainly requires that there be an actual connection or link between the actions
5  of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.
6  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The
7  Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional
8  right, within the meaning of section 1983, if he does an affirmative act, participates in another's
9  affirmative acts or omits to perform an act which he is legally required to do that causes the
10 deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
11 1978).

12     Plaintiff's claims in this complaint appear to relate to his litigation history.  Plaintiff
13 names as defendants 17 individuals.  The allegations of the complaint consist of a rambling, semi
14 coherent narrative.  Plaintiff makes several vague references to interference with his various
15 litigation activities.  Plaintiff makes reference to a loss of legal property and privileges, and
16 levels conclusory allegations of conspiracies and retaliation.

17     Because states must ensure indigent prisoners meaningful access to the courts,
18 prison officials are required to provide either (1) adequate law libraries, or (2) adequate
19 assistance from persons trained in the law.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  Under
20 prior law, Bounds was treated as establishing "core requirements," such that a prisoner alleging
21 deprivation of the Bounds minima need not allege actual injury to state a constitutional claim.
22 Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  Recent Supreme Court precedent
23 abolishes such approach, however, providing that all inmate claims for interference with access
24 to the court include "actual injury" as an element.  Casey v. Lewis, 518 U.S.343 (1996).

25     To establish a Bounds violation, a prisoner must show that his prison's law library or legal
26

assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim. Casey, supra, 518 U.S. 343, 347. The right of access does not require the State to "enable the prisoner to discover grievances" or to "litigate effectively once in court." The Casey Court further limits the right of access to the courts, as follows:

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim .... Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Casey, supra, 518 U.S. at 346.

      In order to state a claim for relief, Plaintiff must allege facts indicating that each defendant engaged in conduct that caused Plaintiff actual injury as that term is defined above. Plaintiff has filed several lawsuits in this district. Plaintiff makes no reference to any legal action that he pursued or is pursuing. Plaintiff makes a vague reference to difficulties in receiving his criminal trial court transcripts in 2001.

      The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   April 11, 2008**             /s/  **William M. Wunderlich**
                                        UNITED STATES MAGISTRATE JUDGE