# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>    Plaintiff,<br><br>v.<br><br>G. GALAZA, et. al.,<br><br>    Defendants.<br>_____ / | 1:05-cv-00768-LJO-WMW (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 26) |

**I.   SCREENING ORDER**

Dale Owen Dustin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed his Complaint on June 14, 2005. (Doc. 1.) Subsequent to numerous motions, including motions for extensions of time to amend, Plaintiff filed the First Amended Complaint. (Doc. 26.)

    **A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.     Summary of Plaintiff's Complaint**

At the time of the issues complained of in his complaint, Plaintiff was apparently a state prisoner at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California to CCI. Plaintiff names nineteen defendants.

Plaintiff's First Amended Complaint is written in minuscules of less than one sixteenth of an inch high. Further, the entire First Amended Complaint is written in a fashion that is more condensed than even single spacing between lines, contains very little punctuation, and is all but devoid of indentation. The combination of minuscule handwriting, lack of line spacing and spacing between words, lack of punctuation and indentation, and length of allegations renders the First Amended Complaint virtually illegible and unintelligible.[1]

Plaintiff is incarcerated and is representing himself in this action. Under these

---

[1] The Court notes that this presentation is very similar to that in the original Complaint. However, the original Complaint contained only four pages written in condensed line minuscules, whereas the First Amended Complaint contains nineteen pages written in condensed line minuscules.

circumstances, the Court is generally lenient in overlooking technical and other errors. However, Plaintiff's use of small print; and failure to use spacing between words, punctuation, indentation, and double space his sentences renders the First Amended Complaint virtually illegible. Plaintiff is required to submit filings that are "clearly legible." Local Rule 7-130(b). In submitting a second amended complaint in compliance with this order, Plaintiff is required to write his letters in larger print, use punctuation and indentation, leave a space between each word, and to double space his sentences. Local Rule 7-130(c). The failure to do so will result in an order striking the second amended complaint from the record.

Due to the presentation of the First Amended Complaint, the Court is unable to discern whether Plaintiff has stated a cognizable claim, and/or may be able to amend to correct deficiencies in his pleading so as to state any cognizable claims. The Court is not willing to expend it's limited resources to undertake the herculean task of attempting to analyze the factual allegations that Plaintiff has chosen to present in such an illegible fashion. Thus, Plaintiff is being given the applicable standards based on his claims for relief as stated in his brief caption and leave to file a second amended complaint.

### C. **Pleading Requirements**

#### 1. *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that actions taken by prison staff are not necessarily related merely because they were allegedly all taken in retaliation of his engaging in protected activities.

Plaintiff is also advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes

>
> to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### D. Claims for Relief

#### 1. *Retaliation*

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

#### 2. *Access to the Courts*

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354, 2181-82. The State is not required to enable the inmate to

discover grievances or to litigate effectively once in court. Id. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Id.

The Ninth Circuit has identified two basis for right of access claims. The first challenges the adequacy of a state's provision of basic supplies to indigent inmates which ensure "meaningful" access to the courts. Bounds v. Smith 430 U.S. 817, 824-25 (1977) ("It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them.") The second identifiable claim is based on allegations that a state failed to furnish "adequate law libraries or adequate assistance from persons trained in the law." Sands v. Lewis 886 F.2d 1166, 1169 citing Bounds. In Sands, the Ninth Circuit held that prisoners bringing claims under the first category must allege "actual injury" in order to state a claim upon which relief can be granted. Id. at 1171. Subsequently, the Supreme Court extended the actual injury requirement to the second category of right of access claims as well. See Lewis v. Casey 518 U.S. 343, 349 (1996). A prisoner bringing either type of right of access claim in a § 1983 action must state actual injury if he wishes to avoid dismissal for failure to state a claim. Id. at 351.

"Actual injury" may be defined as "actual prejudice with respect to contemplated or existing litigation, such as inability to meet a filing deadline or present a claim." Id. at 348. The type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355, 2182 (emphasis in original).

/ / /

### 3. *Declaratory Relief*

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial, any jury verdict in Plaintiff's favor will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendants violated Plaintiff's rights is unnecessary.

### 4. *Injunctive Relief*

18 U.S.C. § 3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." There is no need for the Court to address Plaintiff's request for prospective injunctive relief until Plaintiff states a cognizable claim for a violation of his Federal rights.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's First Amended Complaint is dismissed, with leave to file a second amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in any second amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). A second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983

unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

If Plaintiff chooses to file a second amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that a second amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:     April 8, 2009**              /s/  **William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE