# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G GALAZA, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO.   1:05-cv-768-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 51)<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

Plaintiff Dale Owen Dustin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 13, 2010, the Court ordered that Plaintiff's Second Amended Complaint be stricken from the record for failure to comply with a court order.  Specifically, the Court found that Plaintiff's Second Amended Complaint was largely illegible, asserted multiple claims arising out of multiple incidents, and generally violated Federal Rules of Civil Procedure 8(a)(2), 10(b), 18(a), and 20(a)(2).  The Court ordered Plaintiff to file a third amended complaint within thirty days or face dismissal of this action.  (ECF No. 47.)

On June 15, 2010, on Plaintiff's motion, the Court granted Plaintiff additional time to file his amended complaint. (ECF No. 51.)  Plaintiff's third amended complaint was due not later than August 16, 2010.  The Court warned Plaintiff that "[f]ailure to comply with this deadline may result in dismissal of his case for failure to prosecute."  (Id.)

To date, the Court has yet to receive Plaintiff's third amended complaint.  Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or

with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A Court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending over five years. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262. In this case, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to obey a court order.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 24, 2010            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE